IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNESTO ORDONEZ, NARCISO ORDONEZ, WOJEIECH KARDIERZ, PIOTR CETNARSKI, ARTURO CARDOZO, FERNANDO ARMIJO MIRIAM ADONO, LUCIANO SALGADO JESUS FIGUEROA, JOSE RODRIGUEZ, JUAN MARTINEZ, JESUS LOPEZ, MARIA PATINO, JOSE BELTRAN, FIDEL GALICIA, HECTOR IRIAS, NARCISO CRUZ, VISMAR VICTORIA, SUSANA MORA, BENJAMIN MORA, MIGUEL VILLOSANA, DELSI ORTIZ, MARCIAL MENDOZA, HERMINIO GARCIA, FREDY NORIEGA, MARIA M. LEON, LETICIA VILLALPANDO, ARMANDO VILLALPANDO, and MARIA E. VILLALPANDO,<br><br>Plaintiffs,<br><br>v.<br><br>AKORAT METAL FABRICATORS INC., WISCONSIN TOOL AND STAMPING, CO, JJD INDUSTRIES INC, SHALE INLAND STAMPING AND FABRICATING LLC, and JOHN J . DOMBEK III, individually,<br><br>Defendants. | Case No. 10-CV-05708<br><br>Judge: Grady<br><br>Mag Judge |

**FIRST AMENDED COMPLAINT**

Plaintiffs Ernesto Ordonez, Narciso Ordonez, Wojeiech Kardierz, Piotr Cetnarski, Arturo Cardozo, Fernando Armijo, Miriam Adono, Luciano Salgado, Jesus Figueroa, Jose Rodriguez, Juan Martinez, Jesus Lopez, Maria Patino, Jose Beltran, Fidel Galicia, Hector Irias, Narciso Cruz, Vismar Victoria, Susana Mora, Benjamin Mora, Miguel Villosana, Delsi Ortiz, Marcial

1

Mendoza, Herminio Garcia, Fredy Noriega, Maria M.Leon, Leticia Villalpando, Armando Villalpando, and Maria E. Villalpando, through their attorneys, for their Complaint against Akorat Metal Fabricators Inc. ("Akorat"), Wisconsin Tool and Stamping Co ("Wisconsin Tool"), JJD Industries Inc. ("JJD"), Shale Inland Stamping and Fabricating LLC ("Shale Inland"), John J. Dombek III ("Dombek"), individually, (collectively "Defendants"), state as follows:

## I. NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendants' (1) failure to pay minimum wages for all the time worked, and (2) failure to pay all earned wages for all time worked at the rates agreed upon by the parties. Defendants have failed to pay Plaintiffs at least federal mandated minimum wages during individual work weeks, through a variety of illegal practices. For example, since approximately January of 2010 or prior to this date, Defendants Akorat, Wisconsin Tool, JJD and Dombek engaged in a practice of issuing checks drawn from accounts with insufficient funds to compensate Plaintiffs and other similarly situated employees for their work. *See* copies of various bounced checks drawn from accounts with insufficient funds attached hereto as Exhibit A. Plaintiffs attempted to cash such checks multiple times to no avail and have suffered fees from banks or currency exchanges that could not cash these checks or other forms of damages like delays in mortgage payments due to Defendants' practice of issuing checks from accounts with insufficient funds.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28

2

U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise Plaintiffs' claims occurred in this judicial district.

### III. THE PARTIES

4. Plaintiffs have been employed by Defendants as "employee(s)" within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and the IMWL, 820 ILCS §115/1 *et seq.* within the three to ten year statutory period since filing this lawsuit to the present.

5. Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206 or the minimum wage provisions of the IMWL, 820 ILCS §105/4, or the wage payment obligations of the IWPCA 820 ILCS 115/3

6. Plaintiffs currently reside in and are domiciled in this judicial district.

7. During the course of their employment, Plaintiffs handled goods that had moved in interstate commerce.

8. Defendant Akorat is an Illinois corporation with its principal place of business located in this judicial district and conducting business within this judicial district.

9. Defendant Akorat is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

10. Defendant Akorat is Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), the IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq.*

11. Defendant Wisconsin Tool is an Illinois corporation with its principal place of business located in this judicial district and conducting business within this judicial district.

3

12. Defendant Wisconsin Tool is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

13. Defendant Wisconsin Tool is Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), the IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq*.

14. Defendant JJD is an Illinois corporation with its principal place of business located in this judicial district and conducting business within this judicial district.

15. Defendant JJD is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

16. Defendant JJD is Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), the IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq*.

17. Defendants Akorat, Wisconsin Tool and JJD manage their operations as a unified operation.

18. Defendants share common business resources such as employees' services, a common agent, common facilities and common officers.

19. Defendants Akorat, Wisconsin Tool and JJD exercised common control over Plaintiffs at all relevant times.

20. Defendants Akorat, Wisconsin Tool and JJD acted in each other's interest in relation to Plaintiffs. For example, Plaintiffs received checks from JJD and from either Akorat or Wisconsin Tool or both.

21. Defendants Akorat, Wisconsin Tool and JJD were Plaintiffs' joint employers.

22. At all relevant times Defendant Dombek has been a principal officer of Defendant Akorat, Wisconsin Tool, and JJD. At all relevant times Defendant Dombek has been involved in the day to day business operations of Defendant Akorat, Wisconsin Tool and JJD. Defendant Dombek has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporations' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

23. At all relevant times, Defendant Dombek has been Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), the IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq.*

24. Defendant Dombek resides in this judicial district.

25. Defendant Shale Inland is an Illinois corporation with its principal place of business located in this judicial district and conducting business within this judicial district.

26. Defendant Shale Inland is an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

27. Defendant Shale Inland was Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), and IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq.*

28. Defendant Shale Inland purchased Akorat, Wisconsin Tool and Stamping and JJD Industries Inc.

29. There is substantial continuity in the operation of Akorat, Wisconsin Tool, and JJD before and after the sale of these companies to Defendant Shale Inland.

30. Defendant Shale Inland had notice of Plaintiffs' claims against Defendants Akorat, Wisconsin Tool, JJD and Dombek at the time of purchase.

31. Defendant Shale Inland is a successor company to Defendants Akorat, Wisconsin Tool, and JJD.

## COUNT I
### Violation of the Fair Labor Standards Act - Minimum Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

32. This count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for Defendants' failure and refusal to pay minimum wages to Plaintiffs for all time they worked for Defendants in individual work weeks.

33. During the course of their employment by Defendants, Plaintiffs worked for Defendants but were not paid the then federally mandated minimum wage for all time worked.

34. Pursuant to 29 U.S.C. §206, for all time that Plaintiffs worked for Defendants, Plaintiffs were entitled to be compensated at least the then applicable federally mandated minimum wage for each hour worked.

35. Defendants violated the FLSA by failing to pay Plaintiffs minimum wages for all time they worked in individual work weeks.

36. Defendants willfully violated the FLSA by failing to pay Plaintiffs the then federally mandated minimum wages for all time worked.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Minimum Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

37. This count arises from Defendants' violation of the minimum wage provisions of the IMWL. 820 ILCS 105/1 *et seq*. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

38. At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

39. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiffs worked, Plaintiffs were entitled to be compensated at least the then applicable state mandated minimum wage for each hour worked.

40. Defendants violated the IMWL by refusing to compensate Plaintiffs the then state mandated minimum wages for all hours worked.

41. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover their unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Prejudgment interest on the back wages in accordance with 815 ILCS §205/2 and punitive damages pursuant to the formula set forth in 820 ILCS §105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

7

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Wage Payment and Collection Act – Earned Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 41 of this Complaint, as if fully set forth herein.

42. This count arises from Defendants' failure to pay Plaintiffs their earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/1 *et seq*.

43. During the course of Plaintiffs' employment with Defendants, Plaintiffs had an agreement with Defendants that Plaintiffs would be compensated at agreed upon hourly rates for all time worked on a weekly basis.

44. Plaintiffs were entitled to be paid for all time worked at the rate agreed upon by the parties in a timely semi-monthly manner.

45. Plaintiffs were entitled to be paid their earned wages during specific pay periods no later than seven (7) days after the end of each pay period. 820 ILCS 115/4

46. Defendants failed to compensate Plaintiffs for all time worked on a timely regular basis at the rate agreed upon by the parties.

47. Defendants' failure to compensate Plaintiffs for all time worked at the rate agreed to by the parties and their failure to compensate Plaintiff on a timely basis violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  Judgment in the amount of all back wages due to Plaintiff as provided by the IWPCA;

B.  Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. Reasonable attorney's fees and cost of this action;

D. Such further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Wage Payment and Collection Act – Vacation

Plaintiffs hereby reallege and incorporate paragraphs 1 through 47 of this Complaint.

48. This count arises from Defendants' failure to pay Plaintiffs their earned vacation time in violation of the IWPCA, 820 ILCS 115/5.

49. Defendants Akorat, Wisconsin Tools, JJD, and Dombek had a vacation policy for several years prior to the filing of this lawsuit.

50. Plaintiffs accrued vacation time while employed by Defendants

51. Plaintiffs were entitled to be paid their earned vacation time upon final separation from Defendants Akorat, Wisconsin tools, JJD, and Dombek pursuant to 820 ILCS 115/2, and 820 ILCS 115/5.

52. Upon separation of employment, Defendants failed to compensate Plaintiffs for all time vacation time they were entitled to under Defendants' vacation policy and under 820 ILCS 115/5.

53. Defendants' failure to compensate Plaintiffs for all vacation time violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. Judgment in the amount of all back wages. Including vacation time, due to Plaintiffs as provided by the IWPCA;

B. Prejudgment interest on the back wage, including vacation time, in accordance with 815 ILCS 205/2;

C. Reasonable attorney's fees and cost of this action;

D. Such further relief as this Court deems appropriate and just.

                    Respectfully submitted,

Dated: December 21, 2010

s/ Alvar Ayala
Alvar Ayala         (ARDC #6295810)
Christopher J. Williams (ARDC #6284262)
Working Hands Legal Clinic
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs

# EXHIBIT A





**FIFTH THIRD BANK**
MD 1MOC2X Cincinnati, Ohio 45263
Date: May 10, 2010   Advice D-101077

Acct: 23/9231557753

SEQ # 1001094

ITEM AMOUNT 273.52

Your account has been charged $13.00 per item for each return item listed

If you have any questions please contact your nearest Fifth Third Banking center

ERNESTO ORDONEZ
OR REYNA PEREZ
OR JULIETTA DESBLES
5731 W 16TH ST
CICERO IL 60804

[D420003143]  05/06/2010
5065312527226

1 Item charged totaling  $273.52
Advice Total  $273.52 (D)

*0420003143*
05/10/2010
1001094

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON-A
NOT SUFFICIENT FUNDS

---

SMITHCO FABRICATORS, INC.
PAYROLL ACCOUNT
9521 W. ARGYLE PARK
SCHILLER PARK, IL 60176

1013

**U.S. Bank**
usbank.com
70-477-719

DATE  05/03/2010

Check No 1013
Check Amt ********273.52

PAY Two Hundred Seventy-Three and 52/100 Dollars

Pay to the ORDER OF  ERNESTO ORDONEZ

[Signature]
AUTHORIZED SIGNATURE

Security features. Details on back.

Stamped: RETURN REASON-A NOT SUFFICIENT FUNDS

⑆001013⑆ ⑈071904779⑈ 194373102458⑈

⑆000000231557753⑆ ⑈00010107⑈
⑆001013⑆ ⑈071904779⑈ 194373102458⑈ ⑆000000027352⑆



*071002503*
02/02/2010
0164074650

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON (A)
NOT SUFFICIENT FUNDS

AXORAY METAL FABRICATORS INC
9121 ASHLEY ST
SCHILLER PARK IL 60(A)              Check 10232
                                    Date 01/29/2010

Pay this Amount
TWO HUNDRED EIGHTY-NINE AND 10/100 DOLLARS***         $ *****289.16

                    ERNESTO F ORDONEZ
                    5731 W 16TH ST
                    CICERO IL 60304
First Midwest Bank

RETURN REASON (A)
NOT SUFFICIENT FUNDS
NON SUFFICIENT FUNDS

⑈0000 10232⑈ ⑆071926469⑈ 8100 278491⑈

⑈0000 10232⑈ ⑆071926469⑈     8100 278491⑈ ⑈00000 28916⑈

02/01/2010
0000061109D4127

This is a LEGAL COPY of your check. You can use it the same way you would use the original check

RETURN REASON-A
NOT SUFFICIENT
FUNDS

*10170001*
*1227*
*1*
*00709*

AKORAT METAL FABRICATORS INC
9521 AINSLIE ST
SCHILLER PARK IL 60176

Check # 10170
Date 01/13/2010

Pay this Amount

THREE HUNDRED THIRTY-NINE & 16/100 DOLLARS                    $***339.16

Pay to the
Order of   ERNESTO F ORDOHEZ
           5731 W 151H ST
           CICERO IL 60804

First Midwest Bank

⑈000010170⑈ ⑆071926469⑆ 8100278491⑈

⑈000010170⑈  ⑆071926469⑆       8100278491⑈  ⑈0000033916⑈

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Plaintiffs First Amended Complaint** was served via US Regular Mail on December 23, 2010, on:

Akorat Metal Fabricators, Inc.
Reg. Agent Scott A. Sinar
303 W. Madison St., Ste 1925
Chicago, Il 60606

John J. Dombek
508 S. Cook Street
Barrington, Il 60010

s/Alvar Ayala
Alvar Ayala
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, IL 60602
312-795-9115