# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ERNESTO ORDONEZ, NARCISO )
ORDONEZ, WOJEIECH KARDIERZ, )
PIOTR CETNARSKI, ARTURO )
CARDOZO, FERNANDO ARMIJO, )
MIRIAM ADONO, LUCIANO SALGADO, )
JESUS FIGUEROA, JOSE RODRIGUEZ, )
JUAN MARTINEZ, JESUS LOPEZ, )
MARIA PATINO, JOSE BELTRAN, )
FIDEL GALICIA, HECTOR IRIAS, )
NARCISO CRUZ, VISMAR VICTORIA, )
SUSANA MORA, BENJAMIN MORA, )
MIGUEL VILLOSANA, DELSI ORTIZ, )
MARCIAL MENDOZA, HERMINIO )
GARCIA and FREDY NORIEGA, )

        Plaintiffs, )

      v. )

AKORAT METAL FABRICATORS, INC., )
SMITHCO FABRICATORS, INC, )
WISCONSIN TOOL AND STAMPING, )
CO., JJD INDUSTRIES, INC., SHALE )
INLAND STAMPING AND )
FABRICATING LLC, JOHN DOMBEK, )
JR. and JOHN J DOMBEK III, )
individually, )

        Defendants. )

**FILED**

**APRIL 13, 2011**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No. 10-CV-05708

Judge: Grady

Magistrate Judge: Valdez

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs Ernesto Ordonez,

Narciso Ordonez, Wojeiech Kardierz, Piotr Cetnarski, Arturo Cardozo, Fernando Armijo,

Miriam Adono, Luciano Salgado, Jesus Figueroa, Jose Rodriguez, Juan Martinez, Jesus Lopez,

Maria Patino, Jose Beltran, Fidel Galicia, Hector Irias, Narciso Cruz, Vismar Victoria, Susana

1

Mora, Benjamin Mora, Miguel Villosana, Delsi Ortiz, Marcial Mendoza, Herminio Garcia, and Fredy Noriega, through their attorneys, request leave of Court to file their Second Amended Complaint, a copy of which is attached hereto as **Exhibit A**. In support of this Motion, Plaintiffs state the following:

1.      Plaintiffs filed their Complaint on  September 8, 2010,  alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA")*,* the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendants' (1) failure to pay minimum wages for all the time worked, and (2) failure to pay all earned wages for all time worked at the rates agreed upon by the parties.

2.      Plaintiffs   now seek leave to Amend their Complaint by adding Counts for Defendants' failure to pay overtime wages for all time worked by Plaintiffs in excess of 40 hours during individual work weeks in violation of the FLSA and the IMWL.   Plaintiffs also bring claims for the tort of common law fraud, and for defendants' deceptive practice as defined in 720 ILCS 5/17-1(B)(d) of inducing plaintiffs to work while knowingly issuing paychecks to Plaintiffs drawn from accounts with insufficient funds. Additionally, Plaintiffs seek to add John Dombek III ("Dombek III") as a Defendant in this matter.

3.      Plaintiffs also plead additional facts obtained through further investigation to clarify Defendant Shale Inland Stamping and Fabricating, Inc.'s, ("Shale Inland"), successor liability for the Plaintiffs' FLSA claims against Defendants Smithco Fabricators Inc. ("Smithco"), Wisconsin Tool and Stamping Co ("Wisconsin Tool"), and  JJD Industries Inc. ("JJD").

4.      Under Rule 15, courts should freely allow pleading amendments, "in the absence of any apparent or declared reason" such as undue delay, bad faith or dilatory motive on the part

2

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendments." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). None of those factors are present in this case.

5.    This case is still in very early stages of litigation. Therefore, Defendants will not be prejudiced by these amendments.

6.    Defendant Shale Inland filed a Motion to Dismiss Plaintiffs' First Amended Complaint as to Defendant Shale Inland. Defendant Shale Inland stated in its motion that Plaintiffs had failed to plead the essential elements for successor liability, and Plaintiffs' First Complaint should be dismissed as to Shale Inland for failing to state a claim upon which relief could be granted.

7.    Upon further investigation and the discovery of new evidence, Plaintiffs have obtained additional facts which are stated in their Second Amended Complaint. Plaintiffs hope that the facts stated in their Second Amended Complaint will satisfy Defendant Shale Inland and moot Shale Inland's Motion to Dismiss Plaintiffs' First Amended Complaint.

6.    WHEREFORE, for the above stated reasons, Plaintiffs request that his Motion for Leave to Amend be granted and that they be given leave to file the attached Second Amended Complaint.

Respectfully submitted,

Dated: April 12, 2011

s/Alvar Ayala
Alvar Ayala
Christopher J. Williams
Working Hands Legal Clinic,
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 795-9115
Attorneys for Plaintiffs

3

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ERNESTO ORDONEZ, NARCISO )
ORDONEZ, WOJEIECH KARDIERZ, )
PIOTR CETNARSKI, ARTURO )
CARDOZO, FERNANDO ARMIJO, )
MIRIAM ADONO, LUCIANO SALGADO,)
JESUS FIGUEROA, JOSE RODRIGUEZ, )
JUAN MARTINEZ, JESUS LOPEZ, )
MARIA PATINO, JOSE BELTRAN, )
FIDEL GALICIA, HECTOR IRIAS, )
NARCISO CRUZ, VISMAR VICTORIA, )
SUSANA MORA, BENJAMIN MORA, )
MIGUEL VILLOSANA, DELSI ORTIZ, )
MARCIAL MENDOZA, HERMINIO )
GARCIA and FREDY NORIEGA, )
                              )
        Plaintiffs,         )

                            )     Case No. 10-CV-05708
       v.              )
                            )     Judge: Grady
                            )
AKORAT METAL FABRICATORS, INC., )  Magistrate Judge: Valdez
SMITHCO FABRICATORS, INC, )
WISCONSIN TOOL AND STAMPING, )
CO., JJD INDUSTRIES, INC., SHALE )
INLAND STAMPING AND )
FABRICATING LLC, JOHN DOMBEK, )
JR. and JOHN J DOMBEK III, )
individually, )
                            )
        Defendants.    )

### SECOND AMENDED COMPLAINT

Plaintiffs Ernesto Ordonez, Narciso Ordonez, Wojeiech Kardierz, Piotr Cetnarski, Arturo

Cardozo, Fernando Armijo, Miriam Adono, Luciano Salgado, Jesus Figueroa, Jose Rodriguez,

Juan Martinez, Jesus Lopez, Maria Patino, Jose Beltran, Fidel Galicia, Hector Irias, Narciso

Cruz, Vismar Victoria, Susana Mora, Benjamin Mora, Miguel Villosana, Delsi Ortiz, Marcial

Mendoza, Herminio Garcia, and Fredy Noriega, through their attorneys, for their Complaint

against Akorat Metal Fabricators, Inc., ("Akorat"), Smithco Fabricators, Inc., ("Smithco"),

Wisconsin Tool and Stamping Co., ("Wisconsin Tool"), JJD Industries, Inc., ("JJD"), Shale Inland Stamping and Fabricating, LLC., ("Shale Inland"), John J. Dombek III ("Dombek III"), and John Dombek, Jr. ("Dombek, Jr."), individually, (collectively "Defendants"), state as follows:

## I.    NATURE OF PLAINTIFFS' CLAIMS

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendants' (1) failure to pay minimum wages for all the time worked; (2) failure to pay overtime wages for all time worked in excess of forty (40) hours during individual workweeks; and (3) failure to pay all earned wages for all time worked at the rates agreed upon by the parties. Plaintiffs also bring claims for the tort of common law fraud, and for defendants' deceptive practice as defined in 720 ILCS 5/17-1(B)(d) of inducing plaintiffs to work while knowingly issuing paychecks to Plaintiffs drawn from accounts with insufficient funds.

2.    From approximately January of 2010, or before this date, through late September of 2010 Defendants Akorat, Smithco, Wisconsin Tool, JJD, Dombek III and Dombek, Jr. have failed to pay Plaintiffs at least federal and Illinois mandated minimum and overtime wages during individual work weeks, through a variety of illegal practices. For example, since approximately January of 2010, or prior to this date, Defendants Akorat, Smithco, Wisconsin Tool, JJD, Dombek III and Dombek, Jr. engaged in a practice of issuing checks drawn from accounts with insufficient funds to compensate Plaintiffs and other similarly situated employees for their work. *See* copies of various bounced checks drawn from accounts with insufficient funds *attached hereto* as Group Exhibit A. Plaintiffs attempted to cash such checks multiple times to no avail and have suffered fees from banks or currency exchanges that could not cash

these checks. Plaintiffs now have collections agencies chasing them for the balance of these bounced checks, have suffered delays in mortgage payments and other harms due to Defendants' illegal practices.

## II.     JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.  Venue is proper in this judicial district as the facts and events giving rise Plaintiffs' claims occurred in this judicial district.

## III.    THE PARTIES

4.      Plaintiffs were and have been employed by Defendants as "employee(s)" within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and the IMWL, 820 ILCS §115/1 *et seq.* within the relevant statutory periods prior to filing this lawsuit to the present.

5.      Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206 or the minimum wage provisions of the IMWL, 820 ILCS §105/4, or the wage payment obligations of the IWPCA 820 ILCS 115/3.

6.      Plaintiffs currently reside in and are domiciled in this judicial district.

7.      During the course of their employment, Plaintiffs handled goods that had moved in interstate commerce.

8.      Defendant Akorat is an Illinois corporation with its principal place of business located in this judicial district and conducting business within this judicial district.

9.      Defendant Akorat is, or was at all relevant times, an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is, or was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

3

10.     At all relevant times Defendant Akorat was Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), the IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq.*

11.     Defendant Akorat merged with Defendant Smithco or operated as an alter ego for Defendant Smithco. See Illinois Secretary of State Corporation File Detail Report for Defendant Smithco reflecting a "merge/consolidated" status *attached hereto* as Exhibit B; See also checks issued by both Defendant Akorat and Defendant Smithco interchangeably to Plaintiff Ordonez despite Plaintiff Ordonez' duties, place and terms of employment remaining constant while employed by Defendants, *attached hereto* as Group Exhibit C.

12.     Defendant Smithco is an Illinois corporation with its principal place of business located in this judicial district and conducting business within this judicial district.

13.     Defendant Smithco is, or was at all relevant times, an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is, or was at all relevant times, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

14.     At all relevant times Defendant Smithco was Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), the IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq.*

15.     Defendant Wisconsin Tool is, or was at all relevant times, an Illinois corporation with its principal place of business located in this judicial district and conducting business within this judicial district.

16.     Defendant Wisconsin Tool is, or was at all relevant times, an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is, or was at all relevant times,

an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

17.    At all relevant times Defendant Wisconsin Tool was Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), the IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq*.

18.    Defendant JJD is an Illinois corporation with its principal place of business located in this judicial district and conducting business within this judicial district.

19.    Defendant JJD is, or at all relevant times was, an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is, or was at all relevant times, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

20.    At all relevant times, Defendant JJD was Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c),  the IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq*.

21.    Defendants Akorat, Smithco, Wisconsin Tool, and JJD managed their operations as a unified operation.

22.    At all relevant times, Defendants Akorat, Smithco, Wisconsin Tool and JJD shared the same address at the same industrial complex located at 9521 W Ainslie Schiller Park, IL, 60176.

23.    Defendants Akorat, Smithco, Wisconsin Tool, and JJD shared common business resources such as employees' services, a common agent, common facilities and common officers.

24.    Defendants Akorat, Smithco, Wisconsin Tool, and JJD exercised common control over Plaintiffs at all relevant times.

25.     Defendants Akorat, Smithco, Wisconsin Tool, and JJD acted in each other's interest in relation to Plaintiffs. For example, Plaintiffs received checks from JJD as well as from either Akorat, Smithco or Wisconsin Tool.

26.     Defendants Akorat, Smithco, Wisconsin Tool, and JJD were Plaintiffs' joint employers.

27.     At all relevant times, Defendant Dombek III had been a principal officer of Defendants Akorat, Smithco, Wisconsin Tool, and JJD.

28.     At all relevant times, Defendant Dombek III had been involved in the day to day business operations of Defendant Akorat, Smithco, Wisconsin Tool, and JJD.

29.     At all relevant times, Defendant Dombek III had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporations' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

30.     At all relevant times, Defendant Dombek III had been Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), the IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq.*

31.     Defendant Dombek III resides in this judicial district.

32.     At all relevant times, Defendant Dombek, Jr. had been a principal officer of Defendants Akorat, Smithco, Wisconsin Tool, and JJD.

33.     At all relevant times Defendant Dombek, Jr. had been involved in the day to day business operations of Defendants Akorat, Smithco, Wisconsin Tool, and JJD.

34.     At all relevant times, Defendant Dombek, Jr. had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on

the corporations' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

35.    At all relevant times, Defendant Dombek, Jr. had been Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), the IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq.*

36.    Defendant Dombek, Jr. resides in this judicial district.

37.    Defendant Shale Inland is an Illinois corporation with its principal place of business located in this judicial district and conducting business within this judicial district.

38.    Defendant Shale Inland is an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

39.    Defendant Shale Inland is Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(c), and  IMWL, 830 ILCS §105/3(c), and the IWPCA 820 ILCS 115/1 *et seq.*

40.    Defendant Shale Inland is a successor company to Defendants Akorat, Smithco, Wisconsin Tool, and JJD.

41.    On or about September 21, 2010 Defendant Shale Inland purchased the assets of Defendants JJD, Smithco and Wisconsin Tool, as well as the assets of other companies owned or operated by Defendants Dombek III and Dombek, Jr., such as Illinois Range Company, Injection Plastic Corporation, Midland Chutes, Inc., and Midland Technology, Inc.

42.    On information and belief, the assets of Defendants Smithco, Wisconsin Tool, and JJD and other companies referenced in paragraph 40, were collateral on various credit agreements between Dombek III and Dombek Jr. and First Midwest Bank.

43.     On information and belief, when Dombek, Jr. and Dombek III defaulted on their obligations under such credit agreements, First Midwest Bank sold the assets of the above referenced entities to Shale Inland.

44.     On information and belief, Defendants Akorat, Smithco, Wisconsin Tool, and JJD are no longer operating, have no assets, and are not viable sources of relief for Plaintiffs.

45.     On information and belief, the sale of the assets of Defendants Smithco, Wisconsin Tool, and JJD's assets were insufficient to satisfy Defendants Dombek III and Dombek, Jr's obligations to First Midwest Bank and a judgment in excess of $7.9 million was been entered against Dombek III and Dombek, Jr and for First Midwest Bank.

46.     On information and belief, Defendants Dombek III and Dombek, Jr. could have provided Plaintiffs with relief while they were operating Defendants Akorat, Smithco, Wisconsin Tool, and JJD.

47.     On information and belief, Defendants Dombek and Dombek Jr. are not viable sources of relief for Plaintiffs given that Shale has acquired the assets of their companies and a $7.9 million judgment was entered against them.

48.     There is substantial continuity of business of operation between Defendant Shale Inland and its predecessor companies: Smithco, Wisconsin Tool, and JJD. For example:

A.     Defendants Akorat, Smithco, Wisconsin Tools and JJD are companies that were engaged in the manufacture of metal parts and metal stampings, and were located at 9521 W Ainslie Schiller Park, IL, 60176.

B.     After buying the assets of Defendants Smithco, Wisconsin Tools and JJD, Defendant Shale Inland continued to operate the same industrial complex at 9521 W Ainslie Schiller Park, IL, 60176.

C.  Defendant Shale Inland continues to manufacture metal parts and metal stampings as Defendants Akorat, Smithco, Wisconsin Tools and JJD did.

D.  Defendant Shale Inland kept exactly the same or substantially the same hourly and non-managerial salaried employees as Defendants Akorat Smithco, Wisconsin Tool, and JJD.

E.  On information and belief, Defendant Shale Inland kept the same or substantially the same managerial staff as Defendants Akorat, Smithco, Wisconsin Tool, and JJD after it purchased the assets of Defendants Smithco, Wisconsin Tool, and JJD.

F.  On information and belief, Defendants Dombek III and Dombek, Jr. are the only employees that did not remain employed by Shale Inland after Shale Inland  purchased the assets of Smithco, Wisconsin Tool, and JJD.

G.  Plaintiffs continue to perform the same duties for Defendant Shale Inland as they did for Defendants Akorat, Smithco, Wisconsin Tool, and JJD.

H.  Defendant Shale Inland has maintained the same methods of production as Defendants Akorat, Smithco, Wisconsin Tool, and JJD. For instance, Plaintiffs continue to operate the same machines for Defendant Shale Inland as they operated for Defendants Akorat, Smithco, Wisconsin Tool, and JJD.

I.  The products manufactured by Plaintiffs continue to be sold by Defendant Shale Inland to the same clients that Defendants Akorat, Smithco, Wisconsin Tool, and JJD sold such products to. For example, Defendant Shale Inland continues to sell its products to Wabash National and Tower Automotive.

9

J.    Defendant Shale Inland has kept the same domain name that was used by Defendants Akorat, Smithco, Wisconsin Tool, and JJD to advertise itself on the internet (See, for example, Copy of Defendant Shale's home page *attached hereto* as Exhibit D).

49.    Defendant Shale Inland knew or should have known of Plaintiffs' claims for owed wages against Defendants Smithco, Wisconsin Tool, JJD, Dombek III and Dombek, Jr. prior to purchasing the assets these companies.

50.    On information an belief, Shale Inland, through its agents, exercised, or should have exercised, due diligence in analyzing different aspects of Defendants Smithco, Wisconsin Tool, and JJD and became aware of its predecessors practice of issuing payroll checks drawn from accounts with insufficient funds each pay period.

51.    Defendant Shale inland's managerial staff including Andrew Wrona, "Wujo" l/n/u and Rosa Maquito, and John Elhers, were all aware of Plaintiffs' claims for owed wages against Defendants Akorat, Smithco, Wisconsin Tool, and JJD. These individuals, like other members of Shale Inland's managerial staff were employed by Defendants Akorat, Smithco, Wisconsin Tool, and JJD and remain employed by Shale Inland today.

52.    In the several months prior to the sale of the assets of Defendants , Smithco, Wisconsin Tool, and JJD to Shale Inland, Plaintiffs repeatedly complained to the managerial staff referenced in paragraph 50, supra, about Defendants Akorat, Smithco, Wisconsin Tool, and JJD, Dombek III and Dombek, Jr.'s practice of issuing checks drawn from account with insufficient funds.

53.    On or about September 22, 2010, a day after Shale Inland purchased the assets of Defendants Smithco, Wisconsin Tool, and JJD, Craig Bouchard, one of the principal officers for

Shale Inland, held a meeting at Shale Inland at 9521 W Ainslie Schiller Park, IL, 60176, with all of its employees, including several of the Plaintiffs.

54.     At this meeting, referenced in paragraph 52, Craig Bouchard made statements to the effect that he was surprised Plaintiffs and other employees of Defendants Akorat, Smithco, Wisconsin Tool, and JJD, Dombek III and Dombek, Jr.'s  had continued to work for these Defendants without getting paid as long as they had.

55.     Craig Bouchard, a principal officer of Shale Inland, was aware, or should have been aware, of the Defendants Dombek III and Dombek, Jr.'s practice of issuing paychecks drawn from accounts with insufficient funds.

## COUNT I
### Violation of the Fair Labor Standards Act - Minimum Wages
### (As to all Defendants)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 55 of this Complaint, as if fully set forth herein.

56.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for Defendants' failure and refusal to pay minimum wages to Plaintiffs for all time they worked for Defendants in individual work weeks.

57.     During the course of their employment by Defendants, Plaintiffs worked for Defendants but were not paid the then federally mandated minimum wage for all time worked.

58.     Pursuant to 29 U.S.C. §206, for all time that Plaintiffs worked for Defendants, Plaintiffs were entitled to be compensated at least the then applicable federally mandated minimum wage for each hour worked.

59.     Defendants violated the FLSA by failing to pay Plaintiffs minimum wages for all time they worked in individual work weeks.

60. Defendants willfully violated the FLSA by failing to pay Plaintiffs the then federally mandated minimum wages for all time worked.

61. Plaintiffs are entitled to recover their federally mandated minimum wages for all time worked for up to three prior to filing this lawsuit as Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Minimum Wages
### (As to Defendants Smithco, Akorat, Wisconsin Tool, JJD, Dombek III and Dombek, Jr.)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 61 of this Complaint, as if fully set forth herein.

62. This Count arises from Defendants' violation of the minimum wage provisions of the IMWL. 820 ILCS 105/1 *et seq.* Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

63. At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the IMWL, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

64. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiffs worked, Plaintiffs were entitled to be compensated at least the then applicable Illinois mandated minimum wage for each hour worked.

12

65.     Defendants violated the IMWL by refusing to compensate Plaintiffs their then Illinois mandated minimum wages for all hours they worked during certain individual work weeks.

66.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover their unpaid wages for up to three years prior to the filing of this lawsuit, plus statutory damages in the amount of two percent (2%) per month of the amount of under payments and reasonable attorneys fees.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.      A judgment in the amount of unpaid minimum wages for all hours worked;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS §205/2 and statutory damages pursuant to the formula set forth in 820 ILCS §105/12(a);

C.      Reasonable attorneys' fees and costs incurred in filing this action; and,

D.      Such other and further relief this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act -- Overtime Wages
### (As to all Defendants)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 66 of this Complaint.

67.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours per individual workweek.

68.     Plaintiffs performed a variety of job duties and responsibilities for Defendants within this judicial district. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

69.     During the course of their employment with Defendants, Plaintiffs were regularly and customarily directed by Defendants to work, and did work, in excess of forty (40) hours in

13

individual work weeks.

70.     Pursuant to 29 U.S.C. §207, Plaintiffs were entitled to compensation at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

71.     Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

72.     Defendants' failure to pay overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA, 29 U.S.C. §207.

73.     Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

74.     Plaintiffs are entitled to recover the federally mandated minimum wages for all time worked for up to three prior to filing this lawsuit as Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Overtime Wages
**(As to Defendants Smithco, Akorat, Wisconsin Tool, JJD, Dombek III and Dombek, Jr.)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 74 of this Complaint as if

fully set forth herein.

75.     This Count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

76.     At all relevant times herein, Defendants were "employer(s)" as defined in the IMWL, 820 ILCS 105/3(c), and Plaintiffs were "employees" within the meaning of that Act.

77.     During the course of their employment by Defendants, Plaintiffs were regularly and customarily directed by Defendants to work, and did work, in excess of forty (40) hours in individual work weeks.

78.     Pursuant to 820 ILCS 105/4a, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

79.     Defendants' failure to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week was a violation of the IMWL, 820 ILCS 105/4a.

80.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid overtime wages up for three years prior to the filing of this suit, plus reasonable attorneys fees and statutory damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of all back wages due to Plaintiffs as provided by the IMWL;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a)

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.


## COUNT V
### Violation of the Illinois Wage Payment and Collection Act – Earned Wages
### (As to Defendants Smithco, Akorat, Wisconsin Tool, JJD, Dombek III and Dombek, Jr. )

Plaintiffs hereby reallege and incorporate paragraphs 1 through 80 of this Complaint, as if fully set forth herein.

81.    This Count arises from Defendants' failure to pay Plaintiffs their earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/1 *et seq*.

82.    During the course of Plaintiffs' employment with Defendants, Plaintiffs and Defendants had an agreement that each Plaintiff would be compensated at a certain agreed upon hourly rate for all time worked for Defendants.

83.    Plaintiffs were entitled to be paid for all work performed for Defendants at the rate agreed upon by the parties in a timely manner.

84.    Plaintiffs were entitled to be paid their earned wages during specific pay periods no later than seven (7) days after the end of each pay period. 820 ILCS 115/4

85.    Defendants failed to compensate Plaintiffs for all time worked on a timely manner at the rate agreed upon by the parties.

86.    Defendants' failure to compensate each Plaintiff for all time worked at the rate agreed to by the parties and their failure to compensate each Plaintiff on a timely basis violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    Judgment in the amount of all back wages due to Plaintiff as provided by the IWPCA;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and 820 ILCS 115/14;

C.      Reasonable attorney's fees and cost of this action;

D.      Such further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Illinois Wage Payment and Collection Act – Vacation Pay
### (As to Defendants Akorat, Wisconsin Tool, JJD, Dombek III and Dombek Jr., only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 86 of this Complaint.

87.      This Count arises from Defendants' failure to pay Plaintiffs their earned vacation time in violation of the IWPCA, 820 ILCS 115/5.

88.      Defendants Akorat, Wisconsin Tools, JJD, Dombek and Dombek, Jr. had a vacation policy for several years prior to the filing of this lawsuit.

89.      Plaintiffs accrued vacation time while employed by Defendants.

90.      Plaintiffs were entitled to be paid their earned vacation time upon final separation from Defendants Akorat, Wisconsin tools, JJD, Dombek and Dombek, Jr. pursuant to 820 ILCS 115/2, and 820 ILCS 115/5.

91.      Defendants failed to compensate Plaintiffs for all of their earned vacation pay as part of their final compensation upon separation of employment.

92.      Defendants' failure to compensate Plaintiffs for all earned vacation time violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.      Judgment in the amount of all back wages. Including vacation time, due to Plaintiffs as provided by the IWPCA;

B.      Prejudgment interest on the back wage, including vacation time, in accordance

17

with 815 ILCS 205/2 and 820 ILCS 115/14;

C.      Reasonable attorney's fees and cost in brining this action;

D.      Such further relief as this Court deems appropriate and just.

## COUNT VII
## Common Law Fraud
### (As to Defendants Smithco, Akorat, Wisconsin Tool, JJD, Dombek III and Dombek, Jr.)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 92 of this Complaint.

93.     This Count arises from Defendants Akorat, Smithco, Wisconsin Tools, JJD, Dombek III and Dombek, Jr.'s fraudulent practice of issuing checks drawn from accounts with insufficient funds to Plaintiffs to induce Plaintiffs to continue working for Defendants.

94.     From approximately January of 2010 through late September of 2010, Defendants Akorat, Smithco, Wisconsin Tools, JJD, Dombek III and Dombek, Jr. had a practice of issuing paychecks to their employees that were drawn from accounts with insufficient funds.

95.     Defendants Akorat, Smithco, Wisconsin Tools, JJD, Dombek III and Dombek, Jr. knew that the funds in the accounts from which paychecks were drawn were insufficient to compensate Plaintiffs.

96.     Plaintiffs complained to Defendants Akorat, Smithco, Wisconsin Tools, JJD, Dombek III and Dombek, Jr., and their agents multiple times about receiving paychecks that bounced and could not be cashed due to insufficient funds in the accounts from which the checks were drawn.

97.     Defendants Akorat, Smithco, Wisconsin Tools, JJD, Dombek III and Dombek, Jr. and their agents repeatedly stated to Plaintiffs that their practice of issuing paychecks drawn from accounts with insufficient funds would cease or be corrected in order to continue obtaining Plaintiffs' labor.

98.     Defendants Akorat, Smithco, Wisconsin Tools, JJD, Dombek III and Dombek, Jr. knew that their practice of issuing paychecks drawn from accounts with insufficient funds would continue when they made the statements referenced in paragraph 94, *supra*.

99.     Despite Plaintiffs' complaints, Defendants Akorat, Smithco, Wisconsin Tools, JJD, Dombek III and Dombek Jr. continued to knowingly issue paychecks drawn from accounts with insufficient funds between approximately January of 2010 and late September of 2010 in order to obtain Plaintiffs' labor.

100.     Defendants' practice of issuing paychecks drawn from accounts with insufficient funds is a proximate cause of Plaintiffs being deprived of their weekly earned wages during multiple work weeks.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     Judgment in the amount of all back wages;

B.     Compensatory Damages and punitive damages;

C.     Reasonable attorney's fees and cost in bringing this action;

D.     Such further relief this Court deems appropriate and just.


## COUNT IV
### Deceptive Practice
### (As to Defendants Dombek III and Dombek Jr.)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 100 of this Complaint.

101.     This Count arises from Defendants' deceptive practice of issuing checks drawn from accounts with insufficient funds to Plaintiffs and similarly situated employees to obtain Plaintiffs' labor in violation of 720 ILCS 5/17-1(B)(d).

102.     Plaintiffs bring this Count pursuant to 720 ILCS 5/17-1a.

19

103.    From approximately January of 2010 through late September of 2010, Defendants Dombek III and Dombek, Jr. had a practice of issuing paychecks to their employees that were drawn from accounts with insufficient funds.

104.    Defendants Dombek III and Dombek, Jr. knew that the funds in the accounts from which paychecks were drawn were insufficient to compensate Plaintiffs.

105.    Plaintiffs complained to Defendants Dombek III and Dombek, Jr., and their agents multiple times about receiving paychecks that bounced and could not be cashed due to insufficient funds in the accounts from which the checks were drawn.

106.    Defendants Dombek III and Dombek, Jr. and their agents repeatedly promised Plaintiffs that the practice of issuing paychecks drawn from accounts with insufficient funds would cease or be corrected as a means of continuing to obtain Plaintiffs' labor.

107.    Despite Plaintiffs' complaints, Defendants Dombek III and Dombek, Jr. continued knowingly issuing paychecks drawn from accounts with insufficient funds between approximately January of 2010, or before this date, and late September of 2010 in order to obtain Plaintiffs' labor.

108.    Defendants issued paychecks drawn from accounts with insufficient funds with an intent to defraud Plaintiffs.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

E.    Judgment in the amount of all back wages ;

F.    Treble damages in an amount up to $1,500 per bounced paycheck in accordance with 720 ILCS 5/17-1a;

G.    Reasonable attorney's fees and cost of this action;

H.    Such further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: April 12, 2011

s/ Alvar Ayala
Alvar Ayala
Christopher J. Williams
Working Hands Legal Clinic
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs

21

# GROUP EXHIBIT A



Indianapolis, IN 46277-7202

Date: Feb 11, 2010   Advice D-479444

*These items are being charged to your account and will be assessed a Return Item fee.*
*Customer Inquiries: 800-935-9935*

**Acct:**   111/2726865773

**REASON**
NSF 1st

**SEQ #**
006589

**ITEM AMOUNT**
415.76

JOSE BELTRAN
OR YOLANDA BELTRAN
OR NANNETE BELTRAN
220 N RIDGEMOOR AVE
MUNDELEIN IL  60060

1 Item charged totaling $415.76

1 Item charged a fee totaling $10.00

Advice Total  $425.76  (D)

⑊402333198⑊   00000 2726865773⑊   ⑊0000479444⑊

*074909962*
02/11/2010
006589

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON-A
NOT SUFFICIENT FUNDS

[074909962] 02/08/2010
00000208006437

WISCONSIN TOOL AND STAMPING CO   11/06
9621 AINSLIE STREET
SCHILLER PARK, IL 60176-1115

FIRST MIDWEST BANK
www.firstmidwest.com
70-2646/719
25469

26254

PAY

|  | Date | Check No | Check Amt |
|---|---|---|---|
|  | 02/05/2010 | 26254 | ******415.76 |

DATE

Four Hundred Fifteen Dollars And 76/100

TO THE
ORDER
OF

Pay to the
order of   JOSE BELTRAN

RETURN REASON-A
NOT SUFFICIENT FUNDS

TWO SIGNATURES REQUIRED

AUTHORIZED SIGNATURE

⑊026254⑊   ⑊071926469⑊   8100268962⑊

⑊026254⑊   ⑊071926469⑊        8100268962⑊   ⑊0000041576⑊

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

RETURN REASON (A)
NOT SUFFICIENT FUNDS

AKORAT METAL FABRICATORS INC
9321 ARGYLE ST
SCHILLER PARK IL 60176

70-2616/71

Check No. 10232
Date 01/29/2010

Pay this Amount

TWO HUNDRED EIGHTY NINE AND 16/100 DOLLARS***

$*******289.16

To The
Order
Of

ERNESTO F ORDOCHEZ
5731 W 16TH ST
CICERO IL 60804

100

First Midwest Bank

RETURN REASON (A)
NOT SUFFICIENT FUNDS
NON SUFFICIENT FUNDS

RETURN REASON (A)
NOT SUFFICIENT FUNDS
NON SUFFICIENT FUNDS

⑈000010232⑈ ⑆071926469⑆ 8100278491⑈

⑈000010232⑆4⑆071926469⑆          8100278491⑈ ⑈000028491⑈

FIFTH THIRD BANK
MD 1WOC2X Cincinnati, Ohio 45263
Date: May 10, 2010   Advice D-101077

If you have any questions please contact
your nearest Fifth Third Banking center

Your account has been charged $13.00 per
item for each return item listed

ERNESTO ORDONEZ
OR REYNA PEREZ
OR JULIETTA DESSILES
5731 W 16TH ST
CICERO IL 80804

*OH2UQ0314**
05/10/2010
100107v4

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

RETURN REASON-A
NOT SUFFICIENT FUNDS

[042000314] 05/06/2010
5065312527226

SEQ #
1001094

ITEM AMOUNT
273.52

1 Item charged totaling   $273.52

Advice Total  $273.52 (D)

PAY

Pay to the
order of
ERNESTO ORDONEZ

Three Hundred Seventy-Three Dollars and 52/100

SMITHCO FABRICATORS, INC.
PAYROLL ACCOUNT
9521 W. ANSLIE PARK
SCHILLER PARK, IL 60176

US bank.
70-477-719

RETURN REASON-A
NOT SUFFICIENT FUNDS

Date
05/03/2010

Check No
1013

Check Amt
******273.52

ANUVISOFT@yerotycom

AUTHORIZED SIGNATURE

Security Features  Details on back

1013

*042000314*
03/17/2010
1003490

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

RETURN REASON–A
NOT SUFFICIENT FUNDS

[042000314]  03/13/2010
3130912828085



ANGBAY METAL FABRICATORS INC
9521 AINSLIE ST
SCHILLER PARK IL 60176

Check # 10399
Date   03/12/2010

Pay this Amount
ONE HUNDRED NINETY-THREE & 77/100 DOLLARS**

$******193.77

Pay to the
Order of    ERNESTO F ORDONEZ
5731 W 16TH ST
CICERO IL 60804

First Midwest Bank

RETURN REASON-A
NOT SUFFICIENT FUNDS

100

# EXHIBIT B



## CORPORATION FILE DETAIL REPORT

| Entity Name | SMITHCO FABRICATORS, INC. | File Number | 57188855 |
|---|---|---|---|
| Status | MERGE/CONSOLIDATED | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 02/18/1993 | State | ILLINOIS |
| Agent Name | SCOTT A SINAR | Agent Change Date | 08/31/1993 |
| Agent Street Address | 200 W MADISON ST #2500 | President Name & Address | JOHN DOMBEK III 187 APPLEBY IVERNESS IL 60607 |
| Agent City | CHICAGO | Secretary Name & Address | MERGED OR CONSOLIDATED 07 26 96 58071463 |
| Agent Zip | 60606 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 02/09/1996 | For Year | 1996 |
| Assumed Name | INACTIVE - AKORAT/SMITHCO | | |
| Old Corp Name | 04/20/1993 - DOMBEK ACQUISITION CORP. | | |

**Return to the Search Screen**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# GROUP EXHIBIT C



**FIFTH THIRD BANK**
MD 1MOC2X Cincinnati, Ohio 45263
Date: May 10, 2010  Advice D-101077

Your account has been charged $15.00 per item for each return item listed.

If you have any questions please contact your nearest Fifth Third Banking center.

Acct: 23/9231557753

SEQ #
1001094

ITEM AMOUNT
273.52

1 Item charged totaling $273.52

Advice Total  $273.52 (D)

ERNESTO ORDONEZ
OR REYNA PEREZ
OR JULIETTA DESBELES
5731 W 16TH ST
CICERO IL 60304

This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

RETURN REASON-A
NOT SUFFICIENT FUNDS

1013

SMITHCO FABRICATORS, INC.
PAYROLL ACCOUNT
9521 W ANNGE AVE
SCHILLER PARK, IL 60176

Check Amt
*******273.52

70-477/719

Date  Check No
05/03/2010  1013

DATE

PAY
Two Hundred Seventy-Three Dollars and 52 cents

Pay to the order of  ERNESTO ORDONEZ

usbank. Ard@serving you

AUTHORIZED SIGNATURE

RETURN REASON-A
NOT SUFFICIENT FUNDS

**AKORAT METAL FABRICATORS INC**
9521 AINSLEY
SCHILLER PARK, IL 60176

0405-4841-5125
100
28608

THE FACE OF THIS DOCUMENT CONTAINS A COLORED BACKGROUND AND MICROPRINTING.
THE BACK CONTAINS AN ARTIFICIAL WATERMARK. HOLD AT AN ANGLE TO VIEW. FROM DARKER TO LIGHTER WITH THE DARKER AREA AT THE TOP

07/09/2010     5125
DATE     CHECK NO.

PAYROLL CHECK
VOID AFTER 180 DAYS

**$269.18**
AMOUNT

PAY TO THE
ORDER OF

ERNESTO F ORDONEZ
5731 W. 16TH ST.
CHICAGO IL 60804

TWO HUNDRED SIXTY-NINE AND 18/100.............................DOLLARS

US BANK
USBANK.COM

PAY ONLY 269.18

AUTHORIZED SIGNATURE(S)

⑈005125⑈ ⑆071904779⑆ 1993731024⑆58⑈

FOLD AND REMOVE

TO VERIFY AUTHENTICITY OF THIS DOCUMENT THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

## PERSONAL AND CHECK INFORMATION

ERNESTO F ORDONEZ
5731 W. 16TH ST.
CHICAGO, IL 60804

Soc Sec #: XXX-XX-XXXX     Employee ID: 28608
Hire Date: 12/27/93
Status:
Filing Status:
Federal: Married, 0
State: IL, Married, 0
Dept: 100

Pay Period: 06/07/10 to 06/13/10
Check Date: 07/09/10     Check #: 5125

### NET PAY ALLOCATIONS

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| Check Amount | 269.18 | 7018.00 |
| Net Pay | 269.18 | 7018.00 |

### EARNINGS

| DESCRIPTION | HOURS | RATE | CURRENT ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| REGULAR | 38.50 | 10.9500 | 421.58 | 883.75 | 9677.07 |
| OVERTIME | | | | 4.75 | 78.02 |
| HOLIDAY | | | | 24.00 | 262.80 |
| VACATION | | | | 64.00 | 700.80 |
| PRETAX HEALTH I | | | -99.00 | | -2475.00 |
| AFLAC | | | -11.45 | | -286.25 |
| PRE TAX DENTAL | | | -5.21 | | -130.25 |
| GROSS | 38.50 | | 305.92 | 976.50 | 7827.19 |
| TRUE GROSS | | | 421.58 | | 10718.69 |

### DEDUCTIONS

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| REIMBURSEMENT | | -100.00 |
| TOTAL | 0.00 | -100.00 |

### WITHHOLDINGS

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| FEDERAL W/H | | |
| OASDI | 4.15 | 87.14 |
| MEDICARE | 18.97 | 485.30 |
| STATE W/H IL | 4.44 | 113.46 |
| | 9.18 | 223.29 |
| TOTAL | 36.74 | 909.19 |

> > > MESSAGES < < <
his check is Check Date
7/09/2010. Period Beginning
6/14/2010 and Period Ending
6/20/2010.
ayrolls by Paychex, Inc.
105-4841 AKORAT METAL FABRICATORS INC ■

| NET PAY | CURRENT ($) | YTD ($) |
|---|---|---|
| | 269.18 | 7018.00 |

# EXHIBIT D

